Francis T. Murray, Esq. County Attorney, Ulster
You have asked whether one person may serve simultaneouly as a county legislator and as a deputy commissioner and administrative assistant of the county board of elections.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The commissioners of a county board of elections are appointed by the county legislative body upon recommendation of the major political parties (Election Law, §§ 3-200[2], 3-204[4]). Election commissioners are paid an annual salary that is fixed by the county legislative body (id., § 3-208). Subject to appropriations by the county legislative body, each commissioner of elections may appoint a deputy, establish his title, and prescribe his duties (id., § 3-300). The deputy serves at the pleasure of the commissioner (ibid.).
In our view, the positions of county legislator and deputy commissioner and administrative assistant of the board of elections are incompatible. As a county legislator, the individual would be participating in the determination of the budget of the county board of elections and, therefore, would have some control over his own salary. Further, as we have noted, the deputy to an election commissioner serves at the pleasure of the commissioner. This places the election commissioner in the untenable position of having to supervise his deputy while at the same time being dependent upon the county legislature, of which his deputy is a member, for the establishment of the departmental budget and of his salary. Conversely, the legislator, also acting as the deputy election commissioner, may be improperly influenced in establishing the budget of the board of elections and the election commissioner's salary, since as deputy election commissioner he serves at the pleasure of the election commissioner. Since the simultaneous holding of these positions by the same individual will impede the exercise of public duties without bias and solely in the public interest, it is our view that the positions are incompatible (see, 1975 Op Atty Gen [Inf] 108). Even assuming that duties could be exercised impartially, the appearance of impropriety should be avoided.
We conclude that one person may not serve simultaneously as a county legislator and as a deputy commissioner and administrative assistant of the board of elections.